UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDUARDO BARRAGAN CORRALES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Criminal No.: 4:14-cr-00099-BLW<br>Civil No.: 4:17-cv-17-00082-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before this Court is Eduardo Barragan Corrales's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Civ. Dkt. 1) and the Government's Motion to Dismiss (Civ. Dkt. 18). Having reviewed and considered the § 2255 Motion, the Government's Motion to Dismiss, and Corrales's Brief in Opposition, the Court enters the following Order granting the Government's Motion to Dismiss and dismissing the § 2255 petition.

## BACKGROUND

Corrales was indicted along with two co-Defendants for conspiracy to distribute and the actual distribution of 50 grams or more of methamphetamine and various other charges. Crim. Dkt. 27. After being appointed counsel, Corrales met with various

attorneys accompanied by an Spanish translator to discuss his case. On March 10, 2015, Corrales pled guilty to conspiracy to distribute fifty grams or more of actual methamphetamine, waiving his right to trial. Crim. Dkt. 48.

On June 23, 2015, the Court conducted a sentencing hearing where Corrales made an oral motion to withdraw his guilty plea. *Sentencing Minutes*, Crim. Dkt. 74. In support of the request, Corrales's Counsel stated that he had misapplied the sentencing guidelines, and his client was "now of the opinion that there was no reason to enter a plea agreement." *Sentencing Transcript*, pp. 4-11, Crim. Dkt. 96. The Court overruled the motion, and sentenced Corrales to a term of 360-months in prison. *Sentencing Minutes*, Crim. Dkt. 74. Corrales appealed his conviction and sentence, which the Ninth Circuit dismissed on August 19, 2016. Crim. Dkt. 102.

Six months later, Corrales filed this timely § 2255 Motion for ineffective assistance of counsel. Corrales's motion alleges a number of grounds to vacate his conviction, including, ineffective counsel during the plea negotiation process, defective advice, failure to inform of relevant sentencing guidelines, failure to investigate, and failure to challenge prior convictions during sentencing. Civ. Dkt. 1.

## LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition of length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution of law of the United States;" (2) "that the court was without jurisdiction to impose such

sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." In order to proceed on a § 2255 motion, the movant must make "*specific factual allegation* that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (brackets and internal quotation marks omitted) (emphasis added). Under this standard, this court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).

## ANALYSIS

### 1. Motions to Appoint Counsel and For Discovery

As an initial matter, the Court must address Petitioner's request that the Court appoint him counsel and allow discovery. A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of Rules Governing Section 2255 Proceedings does allow a judge, for good cause, to "authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a) of

Rules Governing Section 2255 Proceedings. The Rule also provides that "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *Id*. Further, Rule 8 provides that the court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Here, Corrales's requests do not qualify for appointment of counsel, a hearing, or an order to compel the government. The entire case file has been provided to Corrales (Dkt. 19), and none of Corrales's claims require information outside that file. Accordingly, the Court will deny the motions.

2.  **Ineffective Assistance of Counsel**

The bulk of Corrales's § 2255 petition is based on the performance of his counsel, Steven Richert, before and during Defendant's change of plea hearing. To establish ineffective assistance of counsel, Corrales must show (1) that his "counsel's representation fell below an objective standard of reasonableness," and (2) that there is a "reasonable probability" that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

When evaluating a defendant's representation, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional

assistance." *Strickland*, 466 U.S. at 688. The reason being that, for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the Court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82 (1986).

Both ineffective assistance of counsel and prejudice must be found before a district court will find that a conviction or sentence "'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). If either element of the two-part *Strickland* test is not met, then a defendant has not met his or her burden. When making this assessment, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry …" *Strickland*, 466 U.S. at 697.

As recently reiterated by the Supreme Court, a defendant's right to effective assistance of counsel has long been held to apply to the plea process. *Missouri v. Frye*,

566 U.S. 134, 140 (2012). The same *Strickland* standard applies to guilty pleas based on ineffective assistance of counsel. *Hill*, 474 U.S. at 58.

In support of his petition, Corrales asserts nine grounds to establish that he was deprived of his right to effective counsel during the plea negotiation process. As the majority of these grounds are repetitious, the Court will only address the thrust of his allegations.

A.  **Ineffective Advice During Plea Negotiations**

Defendant' first, second, third, fourth, fifth and eighth grounds for ineffective assistance of counsel rest on alleged statements made by Mr. Richert concerning Corrales's likely sentence, and counsel's failure to inform him of sentencing guidelines, especially the use of enhancements when advising Corrales to plead guilty. To support his allegations, Corrales alleges that Mr. Richert estimated that he would receive a total of 10-16 years for entering a guilty plea. *Corrales Aff.*, ¶ 13, Civ. Dkt. 1. Corrales argues that because he believed he would only receive 10-16 years, his decision to plead guilty was not knowing, intelligent, or voluntary. Essentially, he argues that had he known he would receive a more lengthy sentence, he would have proceeded to trial.

A finding of ineffective assistance of counsel could invalidate Corrales's guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Keller*, 902 F.2d 1391, 1392 (9th Cir. 1990). However, as previously stated, Corrales must show that his counsel's performance was both deficient and that the deficient performance caused him prejudice. *Strickland*, 466 U.S. at 697.

The Court does not reach the issue of whether counsel's performance was deficient because Corrales's has failed to establish that he was prejudiced by Mr. Richert's miscalculated prediction. To satisfy the "prejudice requirements, Corrales "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The Ninth Circuit has repeatedly rejected for lack of prejudice defendants' claims of ineffective assistance of counsel where a district court advises the defendants of the maximum possible penalty and the defendants expressed satisfaction with their attorney before entering a guilty plea. *United States v. Moore*, 909 F.2d 1489 (9th Cir. 1990); *United States v. Turner*, 881 F.2d 684 (9th Cir. 1989), *overruled on other grounds, United States v. Rodriguez-Razo,* 962 F.2d 1418 (9th Cir.1992). In this case, the Court informed Corrales that the maximum sentence for his plea was life in prison, that regardless of a plea, the Court would have discretion to impose its own sentence, and that he had the option to proceed to trial. Crim. Dkt. 95. Corrales stated that he understood these statements and was satisfied with his counsel's performance. *Id*.

Because Corrales was clearly informed of the potential for a life sentence and the unavailability of parole, he cannot demonstrate that he was prejudiced by his attorney's advice. *See, e.g., United States v. Garcia,* 909 F.2d 1346, 1348 (9th Cir.1990) (explaining that an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea"); *Shah v. United States,* 878 F.2d 1156, 1162 (9th Cir.1989) (finding that an

inaccurate sentence prediction was not prejudicial); *Turner,* 881 F.2d at 687 (finding that an inaccurate prediction does not constitute ineffective assistance).

The Court also rejects Corrales's claim that his plea was in violation of any Constitutional right or was not knowing, intelligent and voluntary. Corrales's statements are directly contradicted by his signed plea agreement and his own statements made to this Court during his change of plea hearing held March 10, 2015. *Change of Plea Hearing Transcript*, Crim. Dkt. 95;[1] *See United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir.1987) ("Solemn declarations in open court carry a strong presumption of verity." (quotation omitted)). Under these circumstances, the Court finds that the prejudice prong

---

[1] Q: Have you discussed the United States Sentencing Guidelines with your attorney?
A: Yes.
. . .
BY THE COURT: The maximum possible penalty, Mr. Barragan Corrales, is up to life imprisonment followed by a term of supervised release of at least 5 years, a fine of I think it's $10 million, plus a special assessment of $100. Do you understand that?
A. Yes.
…
Q: And with the assistance of an interpreter, did you go over each provision of the plea agreement with your attorney before you signed it?
A: Yes.
Q: And did your attorney answer any questions you may have had about the plea agreement before you signed it?
A: Yes.
…
Q: Has anyone made any promise to you other than those made in the plea agreement that induced you to plead guilty?
A: No.
…
Q: Mr. Barragan Corrales, has anyone made any prediction or promise to you as to what your sentence will be?
A: No.

of the *Strickland* test has not been met, and that it was not ineffective assistance of counsel to advise Corrales to enter a guilty plea based on any alleged sentence prediction.

B. **Failure to Investigate and Submit Evidence**

Corrales next asserts that his counsel failed to cast doubt on testimony of a codefendant, and failed to present evidence of his residency in Washington as grounds six and seven for ineffective assistance of counsel. In support of this argument, Corrales argues that had Mr. Richert submitted evidence of a codefendant's conflicting testimony and Corrales's residency in Washington during the conspiracy, "it is uncertain to say whether or not this Court would have sentenced Petitioner to 360 months after reviewing the … evidence." Crim. Dkt. 107; Civ. Dkt. 1. Elaborating on this argument, Corrales states that this evidence "would have destroyed the Government's theory of the case." Civ. Dkt. 20.

Although Corrales now believes that exculpatory evidence existed when he signed his plea agreement and at his sentencing hearing, the Supreme Court has cautioned that:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Strickland*, 466 U.S. at 689 (citations omitted). Thus, the Court is to determine the reasonableness of counsel's omissions, "in light of all of the circumstances." *Id*. at 690.

When Corrales signed his guilty plea, the Government offered to dismiss multiple counts against him in return for a guilty plea. The evidence against Corrales was substantial and included multiple video recordings of Corrales unlocking a shed on his property for receiving and distributing large quantities of methamphetamine. Crim. Dkt. 27, 40, 69. Furthermore, at the time of his arrest, Corrales was traveling to meet a confidential informant to sell methamphetamine, including a pound found in his vehicle. *Id*. And despite Corrales's self-serving statements, the record indicates that Mr. Richert did in fact possess the exhibits attached to Corrales's § 2255 Petition and chose not to submit this material into evidence during plea negotiations or at sentencing. *Richert Aff.*, ¶ 5-6.

Given these facts, the Court cannot conclude that Mr. Richert's decisions fell outside of a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688. The evidence may have shown, as Corrales maintains, that "Petitioner resided in Washington … [and] was not near … the conspiracy." Crim. Dkt. 107; Civ. Dkt. 1. Alternatively, Mr. Richert may have concluded, as the Government notes, "had the Petitioner been in Washington … it does not change the fact that he also engaged in illegal activity in Idaho at this time." *Id*. Regardless of why Mr. Richert chose not to submit evidence to this Court, Corrales has not shown that Mr. Richert's representation fell below an objective standard of reasonableness. More importantly, Corrales has failed to show that, but for Mr. Richert's representation, he would have received a different sentence.

### C. Failure to Challenge Prior Convictions at Sentencing

In his last attempt to establish ineffective assistance of counsel, Corrales claims that Mr. Richert failed to consult, inform, explain or request any information regarding Corrales's prior convictions. Corrales also argues that these convictions may have, although unknown to him, been invalidated by *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Holding that an increased sentence under that Armed Career Criminal Act's residual clause violates due process.).

The Government contends that both claims are wholly without factual support. The Court agrees. Mr. Richert stated that he advised Corrales of the role his criminal history would play in sentencing. *Richert Aff.*, ¶ 3, Civ. Dkt. 15. Also of significance, Corrales's criminal history did not involve a "violent felony." Crim. Dkt. 58. As *Johnson* concerned only crimes that involve "conduct that presents a serious potential risk of physical injury to another," the issue of Counsel challenging priors on the basis of that precedent has no merit. *Johnson,* 135 S. Ct. at 2556 (quoting 18 U.S.C. § 924(e)(2)(B)). Furthermore, Corrales had an offense level of 39, (Crim. Dkt. 58), which exposed him to 360 months to life in prison even if his criminal history category fell to a IV instead of a V. Thus, Corrales cannot demonstrate that he was prejudiced by Mr. Richert's failure to challenge prior convictions.

### CONCLUSION

Corrales's claims are contrary to law, rebutted by the record, or vague and conclusory. As *Bell* recognized, it is tempting for a defendant to second-guess counsel's

assistance after receiving an adverse sentence. *Bell*, 535 U.S. at 702. However, second-guessing without more is not sufficient to justify relief under 28 U.S.C. § 2255.

Corrales's claims and allegations throughout his supporting memoranda and reply brief are contrary to the statements he made under Oath before the Court. If every defendant could take a plea of guilt and withdraw that plea after receiving an adverse sentence, then every defendant would roll the dice before trial, plead guilty, but then withdraw the plea if the sentencing is not to his or her liking. To have received an unfavorable sentence cannot be said to be the result of constitutionally deficient representation.

Corrales's conclusory, speculative, and unsupported assertions do not warrant an evidentiary hearing. He has not stated a claim for relief pursuant to 28 U.S.C. § 2255. The Government's Motion to Dismiss in granted.

# CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would

find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. The Government's Motion to Dismiss (Civ. Dkt. 15) is **GRANTED** and Eduardo Barragan Corrales's Motion to Vacate, Set Aside, Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 107) is **DISMISSED**.

2. Petitioner's Motion to Vacate, Set Aside, Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 107) is **DENEID**.

3. Petitioner's motions to appoint counsel, for discovery, and for an evidentiary hearing, (Dkts. 3, 4, & 5) are **DENIED**.

4. Petitioner's supplemental motions to vacate (Dkts. 9 & 17) are **DENEID**.

5. Petitioner's Motion to Proceed *In Forma Pauperis* (Dkt. 2) is **GRANTED**.

6. No certificate of appealability shall issue. Corrales is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

7. If Corrales files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: August 31, 2018

B. Lynn Winmill
Chief U.S. District Court Judge