UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO BARRAGAN CORRALES,<br><br>Defendant. | Case No. 4:14-cv-00099-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Eduardo Corrales's Motion for

Compassionate Release. *See Def.'s Motion*, Dkt. 122. For the reasons explained

below, the Court will deny his motion.

## BACKGROUND

In 2015, Corrales pled guilty to conspiracy to distribute methamphetamine.

*See Judgment*, Dkt. 78. When Corrales was arrested, officers located a significant

amount of methamphetamine, cocaine, and marijuana. *See PSR*, Dkt. 6. They also

found an assault rifle and pistol in his bedroom. *Id.* Eventually, Corrales was held

responsible for 7.1 kilograms of pure methamphetamine. The Court then sentenced

him to 360 months incarceration followed by five years of supervised release. *See*

*Judgment*, Dkt. 78.

In late 2020, Corrales filed his first motion for compassionate release.[1] *See* Dkt. 114. Corrales first sought early release because of the risks associated with COVID-19 and concerns over his mother's health. *See id*. While the Court was sympathetic to Corrales's desire to care for his mother, it found that he had not met his burden of establishing that her health or risks associated with COVID-19 qualified as extraordinary or compelling. *See MDO*, Dkt. 119. Roughly two years after his first request was denied, Corrales has filed another motion for compassionate release. *See Def.'s Motion*, Dkt. 122. The Government elected not to respond to the motion and has not provided any indication of whether it opposes early release.

## LEGAL STANDARD

Corrales seeks compassionate release under 18 U.S.C. 3582(c)(1)(A), which provides a narrow exception to the general rule that courts cannot modify sentences of imprisonment. To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the Court must

---

[1] Prior to his first motion for compassionate release, Corrales filed several other motions attacking his conviction or the length of his sentence. *See, e.g.,* Dkts. 82, 107, 108, and 113.

**MEMORANDUM DECISION AND ORDER - 2**

determine whether the defendant has shown that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* Case No. 2:18-CR-00048-CAS–1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)). Finally, the Court must consider whether the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of early release. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021).

## ANALYSIS

As an initial matter, it is unclear whether Corrales has properly exhausted his administrative remedies. Corrales states that in January 2021, he submitted a request for compassionate release to the warden of FCI Sheridan. *See Def.'s Motion* at 4, Dkt. 122. Corrales, however, did not file this motion until April of 2023. *See id.*  While it is unclear if Corrales's request to the warden encapsulated the arguments raised in this pending motion, he has nevertheless failed to establish extraordinary or compelling reasons exist warranting his early release.

Corrales appears to present two grounds for seeking compassionate release. Corrales first claims that FCI Sheridan—the federal facility he is housed in—

created a "high-risk environment for the spread of COVID-19[,] which poses a particular danger to prisoners with pre-existing conditions and remains at risk of contracting the disease again." *Def.'s Motion* at 1, Dkt. 122. Next, although not entirely clear, Corrales appears to again argue that his parents' failing health warrants early release, or at least home confinement. *See id.* at 2-3. Neither justification, however, satisfies the extraordinary and compelling burden.

### A.    COVID-19

While many federal prisoners were released from custody during the onset of the pandemic, those inmates consistently possessed high-risk factors that made contracting the virus especially dangerous. *See, e.g.*, *United States v. Swanson*, Case No. 2:18-cr-00294 BLW, 2020 WL 5549142 (D. Idaho Sept. 16, 2020). Corrales alleged medical conditions, however, are not the type that pose a similar heightened risk of complications from COVID-19. *See Def.'s Motion* at 2, Dkt. 122 (Corrales is 44 years old and states that he suffers from shortness of breath, memory loss, and lack of concentration). In fact, it is not even clear that he suffers from a diagnosed chronic or permanent health condition. *See id.* (Corrales has provided no medical documentation regarding his health, nor are the medical issues described as specific diagnoses). Additionally, Corrales has not provided any material showing that memory loss or a lack of concentration are somehow

COVID-19 risk factors. Moreover, while shortness of breath could be indicative of a medical condition—like asthma—that does carry a heightened risk of serious complications from the virus, shortness of breath, in and of itself, is not inherently indicative of an underlying high-risk medical condition.

Given Corrales's lack of any medical condition that increases his risk of serious complications, it appears he is instead relying on a generalized threat created by COVID-19 that is shared by all prisoners housed at FCI Sheridan. However, this generalized risk—particularly at this late stage in the pandemic— does not constitute an extraordinary or compelling reason to release Corrales from custody. *See, e.g., United States v. Kaneko*, No. CR 19-00062 JMS, 2024 WL 1018362, at *4 (D. Haw. Mar. 8, 2024) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.") (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *United States v. Rubio*, No. 6:18-CR-00135-MC, 2023 WL 3957407, at *2 (D. Or. June 12, 2023). This is especially true for Corrales, as it appears he has already contracted COVID-19 at least once and recovered. *See Def.'s Motion* at 2, Dkt. 122 (Corrales "remains at risk of contracting the disease *again*."); *see also United*

*States v. Godoy-Machuca*, No. 21-10093, 2021 WL 7906521, at *1 (9th Cir. Dec. 17, 2021) (affirming denial of defendant's compassionate release motion, in part, because defendant's vaccination status and prior recovery from COVID-19).

Accordingly, Corrales has failed to establish that extraordinary and compelling circumstances exist due to his concerns over COVID-19.

### B.    Ailing Parents

Corrales next appears to be arguing that his parents' failing health qualifies as an extraordinary and compelling reason to grant compassionate release. While the Court remains sympathetic to Corrales's concern for his parents' health, it is not sufficient to meet his high burden.

The Sentencing Commission has recently issued guidelines regarding when "extraordinary and compelling reasons" exist warranting compassionate release. *See* U.S.S.G. § 1B1.13(b). While Section 1B1.13 is not binding on this Court, it can provide trial courts guidance when determining whether to grant compassionate release. *See United States v. Gonzalez*, No. 23-634, 2024 WL 705711, at *2 (9th Cir. Feb. 21, 2024). Under the new guidelines, extraordinary and compelling reasons may exist where a defendant's parent is incapacitated and he or she "would be the only available caregiver[.]" U.S.S.G. § 1B1.13(b)(3)(C).

Corrales has not, however, established that either his mother or father is

currently incapacitated, nor does he claim that he is the only available caregiver. Corrales's father is 64 years old and has been diagnosed with hypertension. *See Def.'s Motion* at 2, Dkt. 122. Corrales's father's high blood pressure—without further explanation—simply does not categorically render him incapacitated or show that he is unable to care for his wife.

Turning to his mother, the only evidence provided is the same 2020 doctor's note that Corrales filed in support of his previous motion for compassionate release. *Compare id.*, Ex. A, Dkt. 122-1, *with* Ex. A, Dkt. 114. Not only does that doctor's note not establish she is incapacitated, but the Court has already rejected Corrales's argument that her health concerns qualify as extraordinary and compelling. *See MDO*, Dkt. 119.

Accordingly, the Court finds that Corrales has not carried his burden to show there are extraordinary or compelling circumstances warranting compassionate release. The Court, therefore, finds no reason to discuss the § 3553(a) factors and will deny Corrales's motion. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

**ORDER**

**IT IS ORDERED that** Defendant's Motion for Compassionate Release (Dkt. 122) is **DENIED**.

DATED: July 1, 2024

B. Lynn Winmill
U.S. District Court Judge