UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO BARRAGAN CORRALES,<br><br>Defendant. | Case No. 4:14-cr-00099-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are two pro se motions filed by Defendant Eduardo Barragan Corrales. One is styled as a Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b). *See* Dkt. 135. The other is a motion for a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines. *See* Dkt. 130. For the reasons explained below, the Court will dismiss the Rule 60(b) motion and deny the motion for a sentence reduction.

## BACKGROUND

On June 23, 2015, this Court sentenced Corrales to 30 years' imprisonment after he pleaded guilty to conspiracy to distribute methamphetamine. *See Judgment*, Dkt. 81. His Total Offense Level was 39, and his Criminal History

Category was V, which yielded a guidelines range of 360 months to life. *See Statement of Reasons* ¶ III, Dkt. 80.

Defendant appealed his conviction and sentence. After the Ninth Circuit dismissed his appeal, *see* Dkt. 102, Defendant filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. In August 2018, the Court granted the government's motion to dismiss the § 2255 motion. *See Aug. 31, 2018 Order,* Dkt. 109. Roughly six years later, in the summer and fall of 2024, Defendant filed the two pending motions. *See* Dkts. 130, 135.

## THE RULE 60(B) MOTION

In his Rule 60(b) Motion, Defendant asks for relief "in the form of a sentence reduction . . . ." *Motion,* Dkt. 135, at 1. More specifically, he asks the Court to "strike out" or "remove" the leadership role enhancement he received. *Id.* at 2. He says if the Court hadn't applied that enhancement, he would have shaved three years off his 30-year sentence. *See id.* at 4.

The Court will dismiss this motion. The government correctly observes that this Court lacks jurisdiction for three reasons: (1) Corrales waived his rights to collaterally attack his conviction or sentence, and that waiver applies to the arguments advanced in the Rule 60(b) motion; (2) the motion is untimely; and (3) the motion is a second or subsequent § 2255 motion that fails to comply with the

requirements of 28 U.S.C. § 2255(h). Corrales did not reply to any of these arguments, and the arguments are persuasive in any event. Accordingly, the Court will dismiss the Rule 60(b) motion for lack of jurisdiction.

## THE MOTION BASED ON AMENDMENT 821

The Court will deny the motion for a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines.

## A.    The Governing Legal Standard

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine

whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

**B.    Application**

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

**1.  Part A**

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

In this case, Corrales's criminal history score—after adding 2 status points—

was 10. *See Presentence Investigation Report*, Dkt. 58, ¶¶ 62-64. Amendment 821 reduces his criminal history points from 10 to 9, which means he would drop to Criminal History Category IV. But despite this drop in categories, the guidelines range stays the same: 360 months to life. Accordingly, Corrales is not eligible for a reduction under Part A of the Amendment. *See United States Sentencing Guidelines* § 1B1.10(b)(2) (prohibiting sentencing a defendant to less than the low end of the amended guideline).

### 2.  Part B

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply because Corrales is not a zero-point offender.

## ORDER

**IT IS ORDERED that:**

1.   Defendant's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. 135) is **DISMISSED.**

2.   Defendant's Motion for a Reduction of Sentence (Dkt. 130) is **DENIED**.



DATED: August 21, 2025

B. Lynn Winmill
U.S. District Court Judge